Go right ahead. Good morning your honors and may it please the court I'm Jeremy Barron and I'm here representing Jacob Pratt the petitioner appellant. I'd like to save two minutes for rebuttal and I'll watch my time. Your honors Mr. Pratt is actually innocent of two of the crimes of conviction and as a result the district court should have looked past the time bar that otherwise would have applied to his petition. Now the record before the district court contained ample indications that Mr. Pratt was innocent but that record was incomplete because it did not include the pre-sentence investigation report which is a crucial document in this case. So because the district court record the state court record before the district court was not complete the most prudent way forward would be for this court to remand back to the district court so that Mr. Pratt who is now represented by counsel for the first time since his direct appeal can assemble the entire state court record and all the evidence of his innocence and submit that to the district court in the first instance. Can I ask you a threshold question for to make out an actual innocent showing here do you need to come forward don't you with new quote-unquote new evidence? That's right your honor. And so wouldn't we say in the guilty plea context that evidence that your client already had up through the time of sentencing can't be deemed new because it was by definition available to him as a basis for moving to vacate his guilty plea all so whatever information was already a part of the state trial court record up through the time of sentencing I would just think that by definition can't be deemed new in this context and I I'd like to hear your response to that because I think if you can't get past that then it's you don't have anything else other than the PSR that you're relying on right? Sure I generally agree with that but I have two responses and first is that even if there isn't any new evidence in the current record before the court there's excellent reason to believe that there are documents and evidence out there that would constitute new evidence by anyone's definition and if you look at the pre-sentence investigation report it contains a narrative summary of the offense and presumably the probation officer who drafted that was working off of products of the state's investigation like police reports witness statements and other materials and those documents have not been made part of the state court record at any point in the proceedings and so those documents would constitute new evidence. Are you contending that your client didn't have them? I think that's what Judge Watford's getting at. Well my client did not have his file it appears until 2016 so I'm not sure what of the police reports and other documents he had at the time he was litigating this case on his own but I think under this courts Griffin versus Johnson decision the question is whether the evidence had been presented to the trial court and those police reports. Not in the guilty plea context I guess that's where I'm and I recognize we don't have clear precedent on this but I'm just sort of just as a matter of common sense in the guilty plea context but you're not going to have evidence presented to the state trial court because there's no trial. That's right. So anything that was turned over to your client in discovery which I certainly would expect police reports witness statements and alike and any information that got turned over to him up through sentencing which wouldn't of course include the PSR that to me is that's stuff that he already has that none of that can be new. New would be if maybe if you came forward with evidence that hey we've discovered I don't know that there was a witness statement let's say from the victim that was never turned over to us and actually it contains this very exculpatory statement that I could see would be new because it would be outside the confines of the guilty plea record created in the state trial court but you you don't have anything like that here that's what I guess I'm just getting stuck right there and I need your help to even get past that. Well I think the court's decision in Griffin versus Johnson is pretty clear on this point it's a guilty plea case and it says that newly presented evidence is evidence that was not presented to the trial court and again the police reports and underlying products of the state's investigation were never presented to the trial court. Now I agree with you that there is some there's some tension in applying a new evidence standard in a guilty plea case where no trier of fact has received evidence and discounted exculpatory evidence and but I think Griffin is fairly clear on that point and if you know this court is interested in creating a new standard for that it would have to be on an en banc basis. I confess I'm not familiar with Griffin so what was the nature of the evidence that supposedly wasn't presented to the state? Sure so that was a that was a murder case and the client had told his had told his attorney before the trial was set that he had mental health records that he believed would show that he was insane at the time he committed his assault he was not guilty of the murder and his his defense counsel did not use that material did not introduce it to the trial court and and that individual eventually pled guilty and so the Griffin decision says that those mental health records were which were in the petitioners he did have access to those in fact he is the one who showed those to his defense counsel before he pled guilty but the the court in Griffin said that that was newly presented evidence for the purpose of the actual innocence gateway analysis and that's very similar to what we're asking the court to consider as new here which would be the the police reports and anything else that was in the state's investigation. I mean I gather in Griffin the person actually came forward with the records right he wasn't just speculating as to what they might contain that's right right and that's what I'm saying here if you would come forward I guess with some kind of new witness statement police report something all you've come forward though is with the PSR and to me I just don't think you're gonna even under the Griffin standard I don't see how you can say that that wasn't that that's new because it was presented to the state trial court. Sure well I think it's important to keep in mind that we were appointed for the first time on appeal and Mr. Pratt was proceeding on a pro se basis below and he it appears he did not get his file until 2016 after the district court had dismissed his petition so he didn't really have the opportunity to fully develop his claim and amass all the potential evidence of his innocence and submit that to the district court in the first instance and so that's why we're asking for a remand in this case because if you look at the PSI and all the indications in the sentencing transcript that appear to corroborate Mr. Pratt's account that he did not intend to kill the victim that gives excellent reason to think that there are materials out there that have never been made part of the state court record and if we have the... Are those issues really new evidence or just new arguments about evidence that's already there? Well no court has looked at the underlying police reports and other materials like that Mr. Pratt hasn't had the... They were there that's what I'm saying the evidence is not new evidence the evidence was there if I understand your argument you're you're saying that that is that it should have been looked at differently in a legal fashion it I think that's the struggle the district court was having with this too. Well the the PSI corroborates Mr. Pratt's account that he was trying to get the victim to a place of safety and that's why he instructed her to climb down that tree and eventually you've got to find that no juror would find otherwise and they'd already stabbed her they drove around for an hour talking about how they're gonna get rid of the body I mean it isn't the type of thing that I don't see the big evidence the new evidence that that would be considered. It just seems you have an argument of his evidence of what they said and what's already there but it's not new evidence it's just an argument of old evidence. Isn't there a difference in that? Well again I think Griffin says new evidence is evidence that wasn't presented to the trial court and we believe that that evidence would corroborate Mr. Pratt's account that it was the co-defendant who was insistent on killing her. Mr. Pratt was trying to fight him on that point. But the discussion between him and what the the victim said but ultimately you have to prove that there'd be some wit some juror that would find your person not guilty. That's right and we believe if we have the opportunity to assemble all the evidence and show all the evidence to the district court that's what the evidence would show is that no reasonable juror would have voted. All the evidence that we Well no one no one again no one has seen the police no court has seen the police reports and other materials and we're asking for the chance to develop that record below and I see I'm eating into my rebuttal time unless there are further questions. Thank you counsel. Thank you. Good morning your honors may it please the court my name is Matthew Johnson I'm a deputy attorney general for the state of Nevada representing the respondents of the case and I'd like to make a few finalities in this matter. New evidence is unavailable in the vast majority of cases that's what the Supreme Court said stated in Schlupp. Mr. Pratt asked this court to find the opposite that all evidence is new evidence where a petitioner enters his enters a guilty plea and then later asserts his actual innocence. That decision would completely undermine the finality of judgments of conviction in the vast majority of cases which are judgments enter pursuant to a guilty plea in all of the cases in this case. The question is whether to correct the decision in Griffin or clarify the decision in Griffin. As the court recently said in Davis fractured opinions are supposed to be apply a reasoning based approach and in Griffin the court acknowledged that Justice O'Connor's concurring opinion could could have been controlling law but then they deferred to this court's precedents a footnote and reinterpret the decision in Mahoy. Of course the court didn't have this court's decision in Davis to guide it it now does. In Griffin the court admitted that Justice O'Connor's newly discovered evidence provision was the narrower of the test from the plurality that the polarity was broad that Justice O'Connor's was narrow and under the reasoning based approach of Davis it compels this court to find that newly discovered is the proper test for new evidence because Justice O'Connor's opinion is controlling law it and I believe this and the actual statements in Griffin go together and this court doesn't have to go on bonk because Davis compels this outcome. If this courts not willing to go that far I think because the Supreme Court spoken. This case this fact pattern is is a fact pattern involving hypothetical new evidence that might be out there we don't have any new evidence right we have we have I think a very remand to go get a police report or the other foundational documents that must have gone into the PSR hoping that there will be new evidence there. Right and that wasn't even raised before the district court and we're reviewing the district court's decision this is the first time on appeal where they're saying oh we didn't mean the PSI we actually meant the police reports so now we want to go back. Why would we do what you're asking which is a little bit extravagant if we don't have any new evidence here? Well I think because the well if you don't do that then the question is you there in this circuit there's tons of new of actual innocence claims involving guilty pleas and there's no law other than Griffin which just says newly presented doesn't explain what they mean by newly presented in the context of a guilty plea to guide all of the cases that are going to end up coming before this court. We need clarity on how to address what new evidence is in the context of a like those named by Mr. Pratt that all evidence is new evidence because there was no trial. Yes but at least then we might have something to get our arms around that is in fact presented to the court as opposed to what we're dealing with here is I think a hypothesis. Right. Pretty speculative. But I still might be new evidence out there. I still think this court needs to clarify what Griffin meant when it said newly presented evidence to the trial court or whether it's newly presented evidence. Why do you think this is the right place to do that? That's all I'm asking counsel. Um because otherwise we're going to continue to have this void in in the law. And um did I cut you off? Sorry your honor misunderstood the question. Um as far as remand there's there's no reason to remand because this is the first time they've now changed what the new evidence is is the police report. Um and going to the facts, the facts don't bear out um that he's actually in this at all. She stated specifically he pushed me when I reached out for the branch and she fell headfirst in the river. But to be fair, what we have is not even that right. Don't we have a victim advocate summary of what the victim said? No, your honor. She wrote it. She just asked. She didn't feel comfortable reading it in front of the victim. Advocate wrote it, read a statement written by the actual victim. Correct. Thank you for the clarification. Well, so I guess the only thing I thought the petitioner here might be entitled to was a remand to appoint counsel so that counsel could do some kind of an investigation. I think the most fruitful avenue of course would be to try to find the victim and basically ask her if in fact the defendant said the things to her as they were walking to the bridge or the tree um that he claims he did because if she said which things your honor sorry um that I don't want to kill you. This is how you're going to save your life basically because you have to trick my co defendant into thinking that I did kill you. But so hit list is what we're gonna do. Follow me, do this. That's that's his version of events. That's why he says he's not guilty of attempted murder because he never intended to kill her. If the victim were in fact to corroborate that by saying yeah actually he said all those things to me that would be new and that would be potentially helpful to establishing actual innocence. Right. But he hasn't had I hear his complaint to be look, I've been locked up, I haven't had counsel and I need some help. There's at least maybe the PSR gives us some reason to think that she might corroborate um you know my my version of events. So at least give me a chance to investigate. I think that's his best pitch here. Right. I don't think the PSI gives any indication. It just explains that the uh the officer who's part of the division of parole and probation wrote a report to help with sentencing and it doesn't say that he didn't push her off the ridge. It just says she reached out and she fell over. So that doesn't that's that an omission is not evidence of a positive. I'm sorry. It's not evidence of a positive um fact that so we don't have any evidence here other than his belated statements. Now after several iterations he's been working on this case and and uh finally he's he's now saying oh wait no actually explained to her that this was going on. That wasn't the what he's he said before. He just said my attorney relayed my hearsay statements during a sentencing proceeding that my memory after I was on a 17-day drug runner was that I told her that I didn't well I told my attorney that I didn't want to kill her. So all we're relying on is his statement eight years later after he's had a lot of time to think about how he's gonna get out of this conviction and if that's all you need to have an attorney pointed for an actual innocence claim then every single person who pleads guilty is going to be saying the same thing. They're gonna come up with some statement that says okay maybe we should appoint counsel in this case to investigate their claim which isn't supported by any new evidence and that would be a huge problem in this circuit because essentially if that's all you need to get an attorney and proceed forward with an investigation then you're gonna have thousands and thousands of remands for the appointment of counsel and wasting this course's where he admitted in a signed guilty plea that I attempted to murder her I committed first-degree kidnapping and I committed robbery and he didn't raise his actual innocence for seven years. So we don't believe remand would be appropriate in this case your honor. Thank you. Just briefly two points if I can get to them. First I want to emphasize that we were appointed for the first time on appeal. Mr. Pratt was pro se below. He requested counsel. He explained in his requests that he was being held in a very high security level at what's already a very secure prison. He was having trouble getting his state court records and he really needed counsel in order to fully investigate his innocence argument. The respondents opposed the appointment of counsel below and the district court denied counsel at the same time that issued a COA. We think based on the PSI and the indications in the sentencing transcript there is strong reason to believe that there is new evidence out there. Unfortunately we're limited to the record that was before the district court and we've asked the court to take judicial notice of a few state court records as well but we weren't able to supplement the record with new evidence but we have excellent reason to believe based on the current record that there is new evidence out there and we would like the chance. Because you found the victim and talked to her? Well we've received. Because just to be critical moments right and that really is the I mean if your client were to somehow prevail on this he really would need her to corroborate his version of events wouldn't he? I mean I don't know what other new evidence would be out there that would help. Well that would that would certainly help and that's something we would be interested in looking into but if the victim gave prior accounts to the police that verified what the PSI says even if her story is different now that's potential substantive evidence that Mr. Pratt's correct and I see I'm over my time. Let me ask a question. I'm trying to find out what the new evidence is and it seems you argue it's going to I think there is new evidence out there and we need a lawyer to go find it but is there specifically new evidence? Not in the not in the current record before the court I think there's an argument that maybe the PSI and the sentencing transcripts. We're talking about an argument about new evidence not new evidence. That seems to that there's a different analysis that you would use. Well again on appeal we did not have the ability to go out and collect new evidence and submit that to this court in the first instance were constrained by federal rule of appellate procedure 10 in this court. So so you're not you're not you're not asking us to send it back down on the basis of of new evidence you're asking us to that somehow there was some error committed that he should have received an attorney earlier and if he had the attorney might find some evidence. Are you suggesting there's no new evidence in the file as it stands now? In the record before the court I think there is an argument that the PSI and the sentencing transcripts are new because they post state the the guilty plea colloquy and Griffin talks about new evidence being evidence that wasn't before the trial court at the time of the guilty plea colloquy but our main argument here is that even if there is no new evidence in the record on appeal there's excellent reason to believe that there would be new evidence out there and Mr. Pratt should have them. Your argument now is that there was reversible error took place early on when an adult lawyer wasn't appointed. Well our main argument is that the district court. Don't do the main argument tell me tell me is that one of your arguments? That is one of our arguments we are also arguing that the evidence somewhere what are we at where are we finding reversible error that somebody made down below that didn't give me a lawyer you we can't just say there may be something out there so what what how would you write it if you were writing it for us telling that these people that when he asked them for a lawyer committed reversible error that we now in the federal court are going to try and take care of. I would say that the the primary reason to reverse is that the district court decided this case without the pre-sentence investigation report which is a crucial document that corroborates Mr. Pratt's claim and gives a strong reason to believe that there is additional evidence out there. Yes. Thank you very much for your argument. Thank you both. The next case on the calendar Hannon was submitted on the briefs.
judges: Wallace, Christen, Watford